ams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENNETH BURDETTE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 10-1083-JAR |
| VIGINDUSTRIES INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiffs bring this action individually and as representatives of a putative class of individuals who reside and own property in the Careyville addition of Hutchinson, Kansas. Plaintiffs allege various tort claims under Kansas law stemming from land subsidence and sinkhole development that has occurred on abandoned salt mines at the Carey Salt Company solution mining plant in Careyville, Kansas, located on land now owned by defendant Vigindustries, Inc. This matter is before the Court on plaintiffs' Motion to Continue Defendant's Motion for Summary Judgment (Doc. 60) pursuant to Fed. R. Civ. P. 56(d).[1] The motion is fully briefed and the Court is prepared to rule. As described more fully below, plaintiffs' motion is granted.

*Background*

On August 25, 2010, Judge Gale entered a Scheduling Order in this case that provided for a discovery deadline of December 22, 2010 on class certification issues. Defendant

---

[1] Plaintiffs bring their motion pursuant to Fed. R. Civ. P. 56(f). Effective December 1, 2010, Rule 56 was amended and the relevant provision is now Rule 56(d).

proceeded to notice and take the depositions of all named plaintiffs, both on class certification issues and on all other issues involved in this case. Defendant also served written discovery on plaintiffs. Based on information obtained during this initial discovery period, on March 10, 2011, defendant filed a Motion for Partial Summary Judgment (Doc. 52) on plaintiffs' trespass claims against all the named plaintiffs. On March 18, 2011, plaintiffs filed their Motion to Certify Class (Doc. 56), to which defendant responded on April 28, 2011. The operative scheduling order in this case defers setting discovery and dispositive motion deadlines until after the Court resolves the motion to certify.

Plaintiffs filed the underlying motion to continue, arguing that under Rule 56(d), the Court should continue any determination on the motion for partial summary judgment until they have an opportunity to conduct further discovery on the issues addressed in the motion. Plaintiffs argue that the motion for partial summary judgment is premature because the parties have only conducted limited discovery on issues related to the class certification issue. Plaintiffs submit the affidavit of counsel Melinda Young, who attests that additional discovery is anticipated to substantiate plaintiffs' trespass claim that defendant's property invaded the residential properties in the Careyville neighborhood and caused the subsidence and land surface change on plaintiffs' property, and that defendant failed to provide adequate subjacent support to the residential properties in Careyville. Ms. Young anticipates depositions, interrogatories, requests for production of documents, and requests for admissions will uncover evidence required to oppose the motion for partial summary judgment, as well as investigation, research, and designation of expert opinions.

*Discussion*

Under Rule 56(d), if a nonmovant states by affidavit that she cannot present facts essential to oppose a motion for summary judgment, the Court may, "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[2] The decision whether to grant a Rule 56(d) motion lies within the sound discretion of the court.[3] The nonmovant must satisfy several requirements to obtain relief under Rule 56(d). By affidavit, he must explain: (1) why facts precluding summary judgment are unavailable; (2) what probable facts he can find through further discovery; (3) what steps he has taken to obtain such facts; and (4) how additional time will allow him to controvert facts.[4] "A party may not invoke Rule 56[d] by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion."[5]

Defendant's motion for partial summary judgment on plaintiffs' trespass claim argues that the uncontroverted facts show that defendant never entered plaintiffs' land without permission and did not cause any substance to enter their land without permission. Plaintiff has submitted an affidavit pursuant to Rule 56(d),[6] stating that discovery is still pending on matters other than those that relate to class certification and that further discovery is expected to produce

---

[2] Fed. R. Civ. P. 56(d); *Price v. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000).

[3] *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1553-54 (10th Cir. 1993).

[4] *Price*, 232 F.3d at 783 (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).

[5] *Garcia v. United States Air Force*, 533 F.3d 1171, 1179 (10th Cir. 2008) (quotation omitted).

[6] (Doc. 62.)

3

evidence that will allow plaintiffs to rebut the summary judgment motion.

Defendant first argues that while the parties focused on class certification discovery prior to December 2010, the parties' planning report and the Scheduling Order contemplated that the parties would participate in discovery on the other issues in this case as well. Defendant maintains that the fact that a discovery deadline has not yet been set should not have prevented plaintiffs from engaging in discovery beyond class certification issues. Defendant urges that plaintiff has been dilatory in seeking discovery on the trespass issue addressed in the motion for partial summary judgment; therefore, the Court should not allow the motion to be deferred or continued on the basis that plaintiffs lack the necessary discovery.

Defendant is correct that plaintiffs have not been precluded from conducting discovery beyond class certification issues, as plaintiffs contend in their motion. But the Court disagrees that plaintiffs have been dilatory in conducting discovery. While the pretrial discovery orders by no means limited discovery to class certification issues, the point of having a separate class certification discovery deadline is to save the parties' and the Court's resources by allowing discovery and motions practice relating to class certification to proceed before the parties engage in further discovery. If the Court denies the motion for class certification, both parties' discovery on the liability issues will be limited to the named plaintiffs, whereas if the Court grants the motion, the parties' subsequent discovery efforts will be broadened. The Court declines to punish plaintiffs for failing to engage in the sort of discovery that would allow them to oppose a motion for summary judgment that was filed before any dispositive motion deadline was set and before the motion for class certification was filed.

Next, defendant argues that plaintiffs have failed to specifically describe the facts they

4

expect to discover in order to oppose the motion for partial summary judgment. But plaintiffs describe in their brief and in Ms. Young's affidavit that they anticipate discovering evidence that defendant's property invaded the residential properties in the Careyville neighborhood and caused the subsidence and land surface change on plaintiffs' property, and that defendant failed to provide adequate subjacent support to the residential properties in Careyville. Plaintiffs also set forth the discovery methods they intend to use to obtain this evidence. The Court declines to decide at this time the legal issue presented by defendant—whether Kansas law provides a basis for plaintiffs' trespass claim under *Nida v. American Rock Crusher Co.*[7] given the facts presented in defendant's motion. Of course, on the motion for summary judgment, the Court is required to view the facts in the light most favorable to plaintiffs.[8] And the Court need not find that plaintiffs will prevail in opposing the motion for summary judgment in order to find that a continuance is warranted. At this stage, the Court accepts as true the statement in Ms. Young's affidavit that she expects to find evidence through further discovery that defendant's property entered plaintiffs' land without their permission, which plaintiffs will argue supports their trespass claim under Kansas law. This is sufficient under Fed. R. Civ. P. 56(d).

Because the Court finds that plaintiffs cannot present facts essential to oppose defendant's motion for partial summary judgment without further discovery, it must next determine the appropriate course of action. Plaintiffs ask that the Court continue the motion, or to strike the motion for partial summary judgment. Because the motion for class certification is pending and not yet under advisement, depending upon whether a reply memorandum is filed, it

---

[7] 855 P.2d 81 (Kan. 1993).

[8] *City of Harriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

may be some time before a revised scheduling order will be issued that provides for a new discovery deadline and dispositive motion deadline. The Court finds that denying the motion outright is too harsh a remedy, considering the motion only seeks summary judgment on one claim. The universe of discoverable facts is relatively small given that the motion relates to one claim against the named plaintiffs only. The Court therefore finds that plaintiffs should be allowed additional time to "obtain affidavits or declarations, or to take discovery" before they should be expected to respond to the motion. This option strikes the appropriate balance between the recognition that summary judgment is an important procedure "designed to secure the just, speedy and inexpensive determination of every action,"[9] and the plaintiffs' right to engage in meaningful discovery to support their claims prior to responding to dispositive motions. Plaintiffs shall have until August 1, 2011 to respond to defendant's motion for partial summary judgment. The Court expects plaintiffs will diligently pursue the necessary discovery in the interim and be prepared to respond to the motion for summary judgment armed with this discovery by August 1.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' Motion to Continue Defendant's Motion for Summary Judgment (Doc. 60) is **granted**. Plaintiffs shall have until **August 1, 2011** to respond to defendant's motion for partial summary judgment.

**IT IS SO ORDERED.**

Dated: May 4, 2011

                                                 S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE

---

[9]*Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986)