# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KEITH and LINDA BURDETTE, *et al.*,       )
                                          )
                        Plaintiffs,       )
                                          )       Case No. 10-1083-JAR-KGG
vs.                                       )
                                          )
VIGINDUSTRIES INC.,                       )
                                          )
                        Defendants.       )
                                          )

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION TO COMPEL
## <u>PAYMENT OF EXPERT WITNESS</u>

Before the Court is Plaintiff's "Motion to Compel Payment of Expert Witness." (Doc. 93). Plaintiff seeks payment of its designated expert for his deposition in the amount of $15,386.42, which includes travel expenses, travel time, deposition and preparation time, and some miscellaneous items. Defendant claims it owes the expert $4,726.42. The Court holds that Plaintiff's expert is entitled to compensation from Defendant in the amount of $6,246.36 and orders this amount paid.

## BACKGROUND

Plaintiff identified Dr. Simon as its expert through Plaintiffs' Expert Witness Disclosure.  (Doc. 41.)  This disclosure stated that the expert "charges $425.00 per hour for his activities as an expert witness."  There is no evidence the parties engaged in discussions concerning what "activities" were included in this quote. The parties entered into discussions concerning the production of Dr. Simon for deposition.  These discussions were complicated by the fact that Dr. Simon was spending the year outside of the United States.  According to Defendant, and not contested by Plaintiff, Defense counsel was informed by Plaintiff's counsel that Dr. Simons was planning to be in Hutchinson, Kansas, on April 6, 2011, and had a number of things to do in other cases.  (Doc. 98, at 4.)  The parties, therefore, set his deposition in Hutchinson for that day.  There was no discussion of having Defendant pay for Dr. Simon's travel expenses or time prior to the deposition.  The remaining facts are included in the discussions of the particular claims.

## DISCUSSION

### A.    General Rule.

A party must pay an expert a "reasonable fee" for time spent in responding to discovery. Fed.R.Civ.Pro. 26(b)(4)(E).  In this district this includes a reasonable

fee for preparation time.  ***Boos v. Prison Health Services***, 212 F.R.D. 578 (D. Kan. 2002).

The beginning of the parties' understanding of the cost of the expert should be the Rule 26(a)(2) disclosure, which must include "a statement of the compensation to be paid for the study and testimony in the case."  Fed.R.Civ.P. 26(a)(2)(B)(vi).  The parties' discussion concerning the costs of the deposition should proceed from there.  It is important that the parties understand the expected charges before the deposition, and apply to the Court for relief, if necessary, before the deposition occurs.

**B.     Travel expenses and fees**.

The major disagreement in this case concerns fees and expenses relating to Dr. Simon's travel to and from Kansas. Travel expenses of a witness are generally compensable. The Court need not decide here whether travel time is compensable.

Plaintiff has not disputed Defendant's claim that the parties agreed to take Dr. Simon's deposition in Kansas on a date Defense counsel was told he was already planning to be in Kansas.  In that event, it is unfair to expect Defendant to pay any expenses or time associated with Dr. Simon's travel.  All of these claims are disapproved.

**C.      Federal Express Bill**.

Dr. Simon claims a Federal Express Bill for $83.86 for shipping documents to produce for the deposition.  This is a reasonable expense directly relating to the deposition and is approved.

**D.      Assistant's Time**.

This billing item includes time for Dr. Simon's assistant at $150.00 per hour for a total of $277.50.  While it may be acceptable to bill for an assistant's help in preparing for a deposition, especially when that assistant bills at a substantially lower rate and is performing preparatory tasks the expert himself would have to complete, it appears that the particular tasks in this case were remedial work to complete the exhibits for the initial expert report.  This work does not constitute deposition preparation, and the charge is disallowed.

**E.      Deposition Preparation Time**.

Defendant does not dispute the six hours of deposition preparation time by Dr. Simon. However, Defendant balks at paying this time at the same rate paid for deposition time of $425 per hour.  It is certainly true that the Court may set a reduced rate for deposition preparation in some cases.  However, the Rule 26(a) disclosures warned of the application of the full rate for "activities as an expert witness."  Defendant should clarify that intended charge, or seek relief from the

-4-

Court before the deposition, to contend that a different charge should apply.  In this case, the Court finds that the total charge of $2,550.00 for preparation time is reasonable, and approves the same.

**F.     "Field Trip and Deposition"- April 2011**.

It remains somewhat unclear what this charge of $1,239.24 includes, and the Court disapproves it partly for that reason.  It apparently includes some travel time and expenses, which the Court has previously disapproved.  Although not itemized separately, it may include time for a visit to the neighborhood which was the subject of the expert report.  Because the expert opinion is not based on an on-site visit, this would not seem to be chargeable as deposition preparation time.

**G.     Deposition Time**.

According to the transcript, the deposition lasted seven and three-fourths hours.  Dr. Simons claims eleven hours, which includes travel time to and from the deposition to his hotel.  The Court will not approve travel time, but notes that on-site time before and after the official record is generally necessary to complete a deposition.  The Court approves 8.5 hours of deposition time for a total of $3,612.50.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant pay Plaintiff's expert, Dr.

Simon, the total amount of $6,246.36 for his deposition.

**IT IS SO ORDERED**.

Dated this 21st day of December, 2011, at Wichita, Kansas.

S/ KENNETH G. GALE
Kenneth G. Gale
U.S. Magistrate Judge