IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **KENNETH BURDETTE, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | |
| ) | Case No. 10-1083-JAR |
| **VIGINDUSTRIES, INC.,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This case has been set for hearing this Friday, January 27, 2012, on Plaintiffs' Motion for Class Certification. When the Court set the hearing, it also ordered the parties to file witness and exhibit lists by January 6, 2012, which the parties have now filed. Before the Court is Defendant's Motion to Exclude Plaintiffs from Offering the Expert Opinions of Dr. Ronald Yarbrough at the Certification Hearing (Doc. 107). Plaintiffs responded and the Court is prepared to rule. For the reasons explained below, the Court grants Defendant's motion.

*Background*

This case was bifurcated for discovery purposes. The discovery deadline for class certification issues was December 22, 2010. Rule 26(a)(2) disclosures, including expert reports on the issue of class certification, were due by Plaintiffs on November 22, 2010 and by Defendant on December 22, 2010. Plaintiffs timely disclosed Dr. Robert A. Simons as an expert witness.

The class certification motion was filed on March 18, 2011; it went under advisement on May 16, 2011. Plaintiffs attached Dr. Simons' expert report in support of their motion for class

certification.  The Court deferred ruling on the motion to certify until it had disposed of Defendant's motion for partial summary judgment on Plaintiffs' trespass claim, filed about one week earlier.  Plaintiffs requested additional time to conduct discovery before responding to that summary judgment motion, and the Court allowed Plaintiffs until August 1, 2011 to respond under Fed. R. Civ. P. 56(d).

On August 1, 2011, Plaintiffs filed their response to summary judgment and designated an expert witness, Dr. Ronald Yarbrough.  Dr. Yarbrough is a geologist who was designated as an expert on ground movement and the cause and origin of damages to foundations of structures.  Plaintiffs attached Dr. Yarbrough's report to their response to the motion for partial summary judgment.  Defendant filed a motion to exclude the report, arguing that it did not meet the reliability standards of Rule 702 and *Daubert*.  On October 25, 2011, the Court granted Defendant's motion for summary judgment on the trespass claim and denied the motion to exclude as moot.

On their witness and exhibit list for the class certification hearing filed on January 6, Plaintiffs listed Dr. Yarbrough as a witness and his expert report as an exhibit.  Defendant filed a motion to exclude this evidence at the class certification hearing on two grounds: (1) Plaintiffs did not timely disclose Dr. Yarbrough as an expert for class certification purposes; and (2) his report should be excluded under Fed. R. Evid. 702 and *Daubert*.  Plaintiffs respond that they do not intend to offer Dr. Yarbrough as an expert on class certification issues, but that he should be allowed to testify nonetheless on issues going to the merits.

*Discussion*

Under Fed. R. Civ. P. 26(a)(2)(D), the parties were required to disclose experts "at the times and in the sequence that the court orders." The Scheduling Order set a deadline of October 20, 2010 for Plaintiff to disclose experts on the issue of class certification and states that "[e]xpert deadlines for issues relevant to the merits of the case will be set after the Court's ruling on class certification."[1] Plaintiffs filed an unopposed motion to extend that deadline until November 22, 2010, which was granted.[2] Plaintiffs disclosed Dr. Yarbrough on August 1, 2011, more than eight months after the disclosure deadline and more than four months after they filed their motion to certify.

Under Rule 37(c)(1), if a party fails to identify or provide information about a witness required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." The Court should consider the following factors:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.[3]

The prejudice factor weighs heavily in favor of exclusion here. Plaintiffs did not submit this expert in conjunction with their motion for class certification and missed their expert designation deadline on certification issues by eight months. Plaintiffs understood the

---

[1]Doc. 21.

[2]Doc. 38.

[3]*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

importance of the deadline, given their previous motion to extend it by approximately one month, which was granted.  Defendant was not placed on notice that Plaintiffs would be relying on this expert for purposes of class certification until the witness list was filed on January 6.  Plaintiffs' August 1 designation of Dr. Yarbrough was clearly for the purpose of summary judgment—a merits issue—and Defendants promptly moved to exclude his testimony.  Moreover, Plaintiffs made no attempt to seek leave of Court to file this expert designation outside of the November 22, 2010 deadline, suggesting that this designation was not intended to be associated with class certification issues.  Of course, this January 6 notice left no time for Defendant to depose Dr. Yarbrough or to submit a rebuttal report, so Defendant was not able to cure the prejudice.  While Plaintiffs may still designate this expert to testify on the merits, it would be fundamentally unfair to allow him to testify at the class certification hearing.

Plaintiffs state in their response that they "do not intend to offer the <u>expert</u> testimony of Ronald E. Yarbrough, Ph.D., P.G., on the issues of numerosity, commonality, typicality and adequacy of representation."  Instead, they suggest it would be proper for Dr. Yarbrough to testify about the merits of this case to assure the Court "that once the class is certified, Plaintiffs are prepared to prove the facts that support their causes of action."  But the Court does not require this assurance under Rule 23.  Plaintiffs are reminded that, in addition to the prerequisites set forth in Rule 23(a), they must also show that the proposed class meets the requirements in Rule 23(b)(3)—predominance and superiority.  Defendant argues that Plaintiffs are unable to meet this burden because the requirements set forth by the Kansas Supreme Court in *Smith v. Kansas Gas Service*,[4] cannot be shown by common proof.  The Court does not agree with

---

[4] 169 P.3d 1052 (Kan. 2007).

Plaintiffs that Defendant inappropriately asks the Court to render a decision on the merits. While Defendant's argument obviously involves an examination of the law that governs Plaintiffs' substantive claims, it does not require a merits determination.

Plaintiffs also suggest that Dr. Yarbrough should be able to testify that the class representatives will prosecute the action vigorously on behalf of the class, yet state that they "obviously do not intend to rely on Dr. Yarbrough's expertise and expert opinions in geology to prove the adequacy of representation element of class certification." As Plaintiffs acknowledge in their brief, the purpose of the class certification hearing is strictly to determine whether Plaintiffs have shown "under a strict burden of proof" that their putative class meets the requirements of Rule 23.[5] The Court must conduct a "rigorous analysis" to ensure that plaintiffs' putative class meets the requirements of Rule 23.[6] "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped."[7] While the Court acknowledges this overlap, it explicitly declines to rule on the merits of Plaintiffs' claims. Instead, the parties should focus on the requirements set forth in Rule 23, in particular, the methods of proof that will be used to prove Plaintiffs' negligence and nuisance claims.

In short, Plaintiffs concede that they may not call Dr. Yarbrough to testify about class certification issues. They also concede that the evidentiary hearing set for January 27, 2012 only

---

[5] *Trevizo v. Adams,* 455 F.3d 1155, 1162 (10th Cir. 2006) (citing *Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988)).

[6] *D.G. ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010) (quotations and citations omitted).

[7] *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

concerns the motion for class certification, and the Court will only consider whether Plaintiffs have established the requirements of Rule 23 for the proposed class. Accordingly, Dr. Yarbrough should not be permitted to testify at Friday's hearing and Defendant's motion is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Exclude Plaintiffs from Offering the Expert Opinions of Dr. Ronald Yarbrough at the Certification Hearing (Doc. 107) is **granted**.

**IT IS SO ORDERED.**

Dated: January 23, 2012

                                              S/ Julie A. Robinson  
                                              JULIE A. ROBINSON  
                                              UNITED STATES DISTRICT JUDGE