**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KENNETH BURDETTE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 10-1083-JAR |
| VIGINDUSTRIES INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This case was removed from Reno County, Kansas District Court on March 23, 2010. Plaintiffs brought this action individually and as representatives of a putative class of individuals who reside and own property in the Careyville addition of Hutchinson, Kansas. Plaintiffs allege various tort claims stemming from land subsidence and sinkhole development that occurred on abandoned salt mines at the Carey Salt Company solution mining plant in Careyville, Kansas, land now owned by Defendant Vigindustries, Inc. The case was removed on two grounds: (1) because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000; and (2) under the Class Action Fairness Act ("CAFA").[1] The Court ultimately denied Plaintiffs' motion for class certification on February 8, 2012. Since that time, the parties have conducted extensive discovery on the merits of this action; the discovery deadline is December 21, 2012.

This matter is before the Court on Plaintiffs' Motion to Remand (Doc. 134). They argue

---

[1] 28 U.S.C. § 1332(d).

that there is no longer a basis for this Court's jurisdiction because class certification was denied and because the amount in controversy does not exceed $75,000 for the remaining plaintiffs. The motion is fully briefed and the Court is prepared to rule. As described more fully below, Plaintiffs' motion to remand is denied.

## I.     Standard

After a case is removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[2] Federal courts must have a statutory basis for exercising subject matter jurisdiction.[3] Because federal courts "are courts of limited jurisdiction, there is a presumption against federal jurisdiction."[4] And so, courts must resolve doubtful cases in favor of remand.[5] But remand is improper if the defendant properly removed a case to federal court that the plaintiff could have originally filed in federal court.[6] Defendant bears the burden of proving facts sufficient to establish jurisdiction.[7]

There are two statutory bases for federal subject matter jurisdiction. First, under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exists. Second, under 28 U.S.C. § 1331, federal district courts "have

---

[2]28 U.S.C. § 1447(c).

[3]*Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003).

[4]*Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

[5]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[6]*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[7]*McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." In addition, if the Court has federal question or diversity jurisdiction of some claims, it may exercise supplemental jurisdiction over state law claims.[8] CAFA extends federal courts' subject matter jurisdiction to putative class actions where at least one plaintiff is a citizen of a different state from any defendant and the amount in controversy exceeds $5,000,000.[9]

In this case, it is undisputed that there is complete diversity between the parties, so the issue is whether the amount in controversy requirement is met.

## II. Discussion

Plaintiffs argue that the case should be remanded because the amount in controversy no longer exceeds $75,000. Generally, the amount in controversy is determined by looking at the allegations in the complaint, "or, where they are not dispositive, by the allegations in the notice of removal."[10] The Court looks to the original complaint in determining subject matter jurisdiction. Otherwise, a plaintiff would be able to "force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action. Instead, the propriety of removal is judged on the complaint as it stands at the time of removal."[11] The Supreme Court has explained that "events occurring subsequent to removal which reduce the amount recoverable . . . do not oust the district court's jurisdiction once it has

---

[8] 28 U.S.C. § 1367.

[9] 28 U.S.C. § 1332(d); *see Weber v. Mobil Oil Corp.*, 506 F.3d 1311, 1313 (10th Cir. 2007).

[10] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[11] *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

attached."[12] But if the amount in controversy is unclear at the time of removal, the defendant must establish jurisdictional facts by a preponderance of the evidence.[13]

Both the Petition, attached to the Notice of Removal, and the First Amended Complaint, explicitly allege an amount in controversy that exceeds $75,000. Plaintiffs contend that their prayer for relief in both pleadings was based on the damages claims of putative class members who are no longer part of this case. Plaintiffs argue that the prayer for relief is now well below $75,000 because none of the named Plaintiffs claim more than $75,000 in damage to their property. This is not a case where the relief sought by Plaintiffs was silent or ambiguous at the time of removal; the pleadings at the time of removal established that Plaintiffs' damages claim was in excess of $75,000. The Court follows the general rule that jurisdiction is measured at the time of removal and declines to find that subsequent events, such as denial of class certification, divest this Court of jurisdiction.[14]

Moreover, this Court retains subject matter jurisdiction under CAFA. The Court predicts that the Tenth Circuit would follow the other courts of appeal that have considered whether the denial of class certification divests the federal courts of jurisdiction in a case properly removed under CAFA. The Sixth, Seventh, Ninth, and Eleventh Circuits have all concluded that denial of

---

[12]*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938); *see Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).

[13]*Williams v. Law Offices of David Sean Dufek, LLC*, No. 08-2291-KHV, 2008 WL 3492137, at *1 (D. Kan. Aug. 11, 2008) (citations omitted); *see Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1292 (10th Cir. 2001).

[14]*See St. Paul Mercury*, 303 U.S. at 293; *Berning v. Crop Prod. Servs., Inc.*, No. 11-2359-EFM, 2011 WL 3704710, at *2 (D. Kan. Aug. 23, 2011).

class certification does not destroy jurisdiction in cases removed under CAFA.[15]  There is no dispute that the Court's jurisdiction attached under CAFA at the time of removal.  Based on consistent authority from other circuit courts, the Court would retain jurisdiction in this case under CAFA, as well as under 28 U.S.C. § 1332(a).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Remand (Doc. 134) is **denied**.

**IT IS SO ORDERED**.

Dated: November 13, 2012

                                          S/ Julie A. Robinson

                                          JULIE A. ROBINSON

                                          UNITED STATES DISTRICT JUDGE

---

[15]*Metz v. Unizan Bank*, 649 F.3d 492, 500 (6th Cir. 2011); *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806–07 (7th Cir. 2010); *United Steel Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1089 (9th Cir. 2010); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009).  *But see Gonzalez v. Pepsico, Inc.*, No. 06-2163-KHV, 2007 WL 1100204, at *4 (D. Kan. Apr. 11, 2007) (commenting in dicta that denial of class certification would defeat the court's subject matter jurisdiction under CAFA) (citing *McGaughey v. Treistman*, No. 05 CIV 7069, 2007 WL 24935, at *3 (S.D.N.Y. Jan. 4, 2007)).