# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENNETH and LINDA BURDETTE, et al., | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 10-CV-1083-JAR-KGG<br>) |
| VIGINDUSTRIES INC., | )<br>) |
| Defendant. | )<br>) |

## MEMORANDUM & ORDER ON DEFENDANT'S
## MOTION FOR RELIEF

This case is before the Court on Defendant's motion requesting relief for costs incurred as a result of Plaintiffs substituting an expert witness. (Doc. 173.) After reviewing the submissions of the parties, the Court **GRANTS in part** and **DENIES in part** Defendant's motion as more fully set forth below.

## BACKGROUND

Plaintiffs filed an unopposed motion for extension of time on August 21, 2012, for extension of deadlines. (Doc. 136.) The Court granted this motion on August 24, 2012, and amended the Scheduling Order to extend various deadlines, including the deadline for Plaintiffs' expert witness designation. (Doc. 137.) In accordance with the revised deadlines, on September 19, 2012, Plaintiffs disclosed

geologist Dr. Ronald Yarbrough as their expert on causation and damages. (Doc. 139 at 1.) In October 2012, Dr. Yarbrough spent ten (10) days in Hutchinson preparing for the case. At the end of this visit, Plaintiffs' counsel was made aware by Dr. Yarbrough's wife that he had been diagnosed with dementia and had problems with short-term memory. Plaintiffs did not inform Defendant of this fact prior to the deposition of Dr. Yarbrough.

Dr. Yarbrough was deposed on November 8, 2012, near his home in Collinsville, Illinois, where the deposition took approximately four (4) hours. (Doc. 174 at 2.) Prior to the deposition, Plaintiffs communicated to Defendant that they would videotape the deposition because they were concerned for Dr. Yarbrough's health. In this communication, Plaintiffs did not elaborate on any specific health concerns or indicate that Dr. Yarbrough was in declining mental health.

On November 13, 2012, Plaintiffs indicated to Defendant that they wanted to name a new expert witness in place of Dr. Yarbrough out of concern for his mental condition. Plaintiffs filed their "Motion for Extension to Designate Geological Expert" on November 29, 2012. (Doc. 153.) In that motion, Plaintiffs indicated that Dr. Yarbrough would be unable to provide expert testimony due to "a medical condition that is causing a significant and permanent decline in short term

2

memory." (*Id*., at 2.) This Court granted Plaintiffs' motion for extension on January 17, 2013, ordering that Plaintiffs produce their geological expert disclosures by April 19, 2013. (Doc. 160 at 4.) Plaintiffs named Dr. David Mitchell as their expert witness to replace Dr. Yarbrough on April 19, 2013.

The Court also ordered that any motion for relief by Defendant based on this Court granting Plaintiffs' motion to designate a new expert be filed by June 21, 2013. (Doc. 160 at 5.) This deadline was extended by two weeks, up to and including July 5, 2013. (Doc. 169 at 2.) This motion for relief was filed on the deadline, July 5, 2013.

## **DISCUSSION**

The District of Kansas has ruled that the Court may order equitable relief to a movant that has suffered some prejudice by the substitution of an expert witness by the opposing party. *Payless Shoesource Worldwide, Inc. v. Target Corp.*, CIV.A.05-4023-JAR, 2007 WL 4241850 (D. Kan. Nov. 28, 2007). An absence of bad faith by the substituting party does not mitigate any prejudice suffered by the moving party as a result of the substitution of an expert witness. *Id*. Under similar circumstances, the District Court in *Sithon Maritime Co. v. Holiday Mansion* held that "since the motion seeks relief to benefit plaintiff through no fault of defendant, the latter should not bear all the expense it has incurred." No. 96-2262-EEO, 1998

WL 433931 (D. Kan. July 30, 1998).

It is within the Court's discretion to determine which incurred costs are reasonable expenses attributable to the substitution of the expert witness. *Payless Shoesource Worldwide, Inc. v. Target Corp.*, No. 05-4023-JAR, 2007 WL 4241850 (D. Kan. Nov. 28, 2007). The Court treats this reimbursement "'as a condition of the substitution'" of the expert witness, and furthermore may decide not to order reimbursement for the total sum of expenses related to the substitution. *Id.*, at *5 (citing *Sithon*, *supra*.) As the *Payless* court stated, "[t]hat defendants should not bear all the expense of defending against [the substituted expert witness's] report, does not mean all . . . expenses should be reimbursed." *Id.* Similarly, in *Sithon*, the Court ordered the plaintiff to reimburse the defendant half of the incurred expenses to "cure" the prejudice. 1998 WL 433931, at *1. Under these parameters, the Court will analyze the amounts Defendant has requested for reimbursement, which total $25,739.85, encompassing $22,634.50 in legal fees and $3,105.35 in costs. (Doc. 174, at 3, 8; Doc. 174-1, at 4.)

Plaintiffs contend that their disclosure of a new expert was "harmless" and not prejudicial to Defendant because Defendant will not "be surprised with new material" in that their new expert will testify "on the same material with similar opinions as the prior expert." (Doc. 178, at 4.) Even assuming that Defendants are

4

not *substantively* or *legally* prejudiced in defending against Plaintiffs' claims by the expert substitution, Plaintiffs ignore the fact that Defendants have clearly been *economically* prejudiced as a result of incurring thousands of dollars of fees and expenses relating to Dr. Yarbrough's now useless disclosure and deposition. Ironically, however, Plaintiffs argue to the Court that they have been sufficiently sanctioned through their "cost of expert fees paid to Dr. Yarbrough, as well as the time an costs of travel to St. Louis" for his deposition. (Doc. 178.)

Defendant contends it incurred $10,0001.00 in attorneys' fees and $1,939.09 in costs ($11,940.09 total) "in connection with Dr. Yarbrough's disclosure and deposition . . . ." (Doc. 174-1, at 5.) The Court **ORDERS** Plaintiffs to reimburse Defendant for these fees and expenses. Although Plaintiffs had no part in causing Dr. Yarbrough's condition, they alone were aware of his cognitive issues, at least to an extent, almost a month before the deposition and chose to allow the deposition to occur. Further, Plaintiffs have not disputed or even discussed any of the specific billing items submitted by Defendant. As such, the Court finds them to be both reasonable and appropriate for reimbursement.

Defendant also contends it incurred $12,633.50 in attorneys fees and $1,166.26 in costs ($13,799.76 total) relating to Plaintiffs' motion for an extension of time to designate a new expert on geological issues and Plaintiffs' intended

5

motion for voluntary dismissal. (Doc. 174-1, ¶ 15.) The Court considers these expenses to be more in the vein of typical litigation expenses.

**IT IS THEREFORE ORDERED** that Defendant's Motion requesting relief for costs incurred as a result of Plaintiffs substituting an expert witness (Doc. 173.) is **GRANTED in part** and **DENIED in part** as more fully set forth above. Plaintiffs are hereby **ORDERED** to reimburse Defendant legal fees and costs in the amount of **$11,940.09**.

Dated at Wichita, Kansas, on this 15th day of August, 2013.

S/ KENNETH G. GALE  
KENNETH G. GALE  
United States Magistrate Judge